JOHNSON, Judge.
Appeal from an order of circuit court, Duval County, Florida, Roger J. Waybright, J., denying motion to vacate the judgment of conviction entered upon a plea of guilty to second degree murder, under a grand jury indictment for first degree murder. Defendant was represented by court appointed counsel, appointed more than two months prior to trial date and prior to arraignment. At the arraignment, a plea of not guilty was entered. Prior to trial date, defendant, in open court, attended by counsel moved to withdraw not guilty plea and enter plea to lesser offense. Testimony was taken by the court from the state and defendant, with defendant’s counsel cross-examining. Defendant was sentenced to 20 years imprisonment less certain time served in county jail. About three months after sentence, defendant filed petition for habeas corpus but same was in substance and treated as a motion under Criminal Rule 1, F.S.A. ch. 924 Appendix. The petition alleges that defendant was arrested without warrant; that he was not represented by counsel at his preliminary hearing and arraignment. The lower court correctly found that the petition did not state a true set of facts, but did find that defendant was properly represented by counsel at the time he was arraigned and plead not guilty; that his subsequent change of plea to guilty of a lesser offense was in the presence of counsel. The petition was denied. This was in June 1964. Appeal from that order was filed in this court on December 30, 1964 and upon motion was properly dismissed as being untimely filed.
A second motion to vacate was filed which contained virtually the same allegations as contained in the first petition for habeas corpus, only adding certain further statements about lack of due process. The lower court adopted the language of its first order denying habeas corpus or motion under Rule 1, and denied the second motion. Appeal is from that order.
We think the order appealed should be affirmed. It is apparent from the record that the defendant was given all the protection required by the Florida and United States Constitution even under the ultra-liberal interpretations made by the United States Supreme Court. His guilt was established both by his plea of guilty and evidence taken. There must be an end some place to this unlimited approach to the courts by convicted criminals, when they have counsel, are heard by the court, and only attempt to annoy the processes of justice further after they have heard their sentence pronounced. It is beginning to be apparent from the number of such cases appearing in this court, that some one is advising them to file their motions. It costs them nothing and they can lose nothing.
For the foregoing reasons, the action of the trial court should be, and is
Affirmed.
STURGIS and WIGGINTON, JJ., concur.