.'SACK, Judge.
This is an appeal from the Circuit Court’s rorder denying appellant’s motion, under Criminal Procedure Rule 1, F.S.A. Ch. 924 Appendix, to vacate the sentence imposed .on him upon his conviction of aggravated assault.
'The defendant-appellant was originally •charged with assault with intent to commit murder in the first degree. He pleaded not •guilty. Counsel was appointed to defend "him. At the trial date his counsel moved for a continuance, which was denied; whereupon, in open court and through his -counsel, he pleaded guilty to the lesser charge of aggravated assault. He was so •convicted and sentenced.
His motion under Criminal Rule 1 con-tended: (a) that perjured testimony was -used by the State to obtain his conviction; .and (b) that he was coerced into pleading -guilty to the lower charge because of the •denial of his motion for continuance.
Without a hearing, the learned trial judge entered an order extensively reciting all the facts of record, and denied the Rule 1 motion.
On this appeal appellant assigns error •on the trial court’s failure to accord him a Fearing so that he could prove the above stated grounds of his motion.
Criminal Procedure Rule 1 provides:
“Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be •served upon the prosecuting attorney of •the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with Tespect thereto.”
The trial judge found, inter alia, that there is no basis in law or fact contained or set forth in the motion to vacate the judgment * * This is tantamount to a finding that the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.
We have carefully examined the motion, files and records of the case and agree that these conclusively show that appellant was entitled to no relief. Mangram v. State, 179 So.2d 243 (Fla.App.1965).
Affirmed.
WIGGINTON, Acting C. J., and CARROLL, DONALD K., J., concur.